UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HIEN VI TU,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>RON VAN BOENING,<br><br>　　　　　　　　　　Respondents. | Case No. C10-1362-RSL-JPD<br><br>ORDER RE: PETITIONER'S PENDING MOTIONS |

This is a federal habeas action brought pursuant to 28 U.S.C. § 2254. Petitioner has submitted three motions to this Court for consideration: a motion for an extension of time to file a reply brief, a motion for an order suppressing respondent's answer to petitioner's federal habeas petition, and a motion for summary judgment. The court, having reviewed petitioner's motions, does hereby find and ORDER as follows:

(1) Petitioner's motion for an extension of time to file a reply brief (Dkt. No. 13) is GRANTED. Petitioner, by way of the instant motion, appears to seek additional time to file a response to respondent's answer to petitioner's federal habeas petition. As it does not appear respondent will be prejudiced by the requested extension, petitioner is granted an extension of time until *January 31, 2011* to file *and* serve any response to respondent's answer. Petitioner's

ORDER RE: PETITIONER'S
PENDING MOTIONS - 1

federal habeas petition is RE-NOTED on the Court's calendar for consideration on *February 4, 2011.* Respondent may file and serve any reply brief by that date.

(2) Petitioner's motion for an order suppressing respondent's answer to his federal habeas petition (Dkt No. 14) is DENIED. Petitioner argues in his motion to suppress that respondent's answer was untimely and therefore should not be considered. The record does not support petitioner's argument.

The record reflects that on September 13, 2010, the undersigned issued an Order directing that petitioner's federal habeas petition be served on respondent and that respondent file an answer within 45 days. (*See* Dkt. No. 6.) On September 14, 2010, copies of the petition and of the Court's Order Directing Service were mailed to respondent and to the Washington Attorney General's Office by certified mail, return receipt requested. (*See id*.) The service materials directed to the Attorney General's Office were received on September 16, 2010 (Dkt. No. 7), and the service materials directed to respondent were apparently received on September 17, 2010 (*see* Dkt. No. 8). Respondent filed and served his answer to the petition on November 1, 2010, exactly 45 days after he was served.[1] Accordingly, the answer was timely.

(3) Petitioner's motion for summary judgment (Dkt. No. 17) is STRICKEN. Petitioner seeks summary judgment on the sole ground that there are no triable issues of fact in this action because respondent failed to file a timely answer to the petition. (*See id*.) As noted above, respondent did, in fact, file a timely answer to the petition. Accordingly, petitioner's motion for summary judgment is moot.

---

[1] Even if the 45 days began to run on the date the service materials were received by the Washington Attorney General's Office, the answer was still timely because the forty-fifth day would have fallen on Sunday, October 31, 2010, and, pursuant to Fed. R. Civ. P. 6(a)(1)(c), the due date would have become the next business day, November 1, 2010.

ORDER RE: PETITIONER'S
PENDING MOTIONS - 2

(4)    Petitioner is advised that any document requesting some form of specific relief from the Court must be filed as a motion in accordance with the provisions of Local Rule CR 7. Local Rule CR 7(b)(1) requires that a movant serve copies of his motion papers on the opposing party and that a movant note his motion on the Court's calendar in accordance with the provisions of Local Rule CR 7(d).  None of the three motions addressed above complies with these requirements.  The Court addressed petitioner's motions despite the procedural deficiencies because it determined that respondent would not be prejudiced in this instance.  However, petitioner is placed on notice that any future request for relief which does not comply with the provisions of Local Rule CR 7 will be immediately stricken.

(5)    The Clerk shall send copies of this Order to petitioner, to counsel for respondent, and to the Honorable Robert S. Lasnik.

DATED this 3rd day of January, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PETITIONER'S
PENDING MOTIONS - 3